UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE STEELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:12-CV-206 CAS |
| v. ) | |
| ) | |
| LAHONTAN, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before this Court is defendant Lahontan, LLC's motion to dismiss for insufficient service of process. Plaintiff, who is proceeding pro se, did not respond to the motion and the time to do so has expired. Therefore, the motion is ripe for review. For the following reasons, the Court will grant defendant's motion.

### *Background*

Plaintiff originally filed her complaint with the assistance of counsel on February 2, 2012. Shortly thereafter, plaintiff's counsel filed a motion to withdraw, which was granted. On August 1, 2012, after a review of the file, the Court ordered plaintiff to promptly serve defendant and file proof of service within thirty (30) days. Plaintiff moved that she be allowed to proceed in forma pauperis and that the United State Marshals Service effectuate service. The Court granted plaintiff's motion, and on September 17, 2012, the Marshals Service attempted service on defendant using the address plaintiff provided. The summons were returned unexecuted. The Marshals Service was unable effectuate service on defendant Lahontan, LLC, because the address plaintiff provided was not a valid address.

On October 11, 2012, the Court ordered that plaintiff provide the Court with a proper address at which service could be effectuated on defendant Lahontan, LLC. Plaintiff responded to the Court's Order, and stated, among other things, that defendant Lahontan, LLC could be located at 501 & 505 W. Highway 72, Rolla, Missouri 65401. The Court ordered that the Clerk of Court prepare alias summons so that the Marshals Service could again attempt service of process. On November 21, 2012, the Marshal Service served a copy of the complaint and alias summons on Crystal White, Parts Service Manager for Auto Zone Plaza, at 501 and 505 W. Highway 71, Rolla, Missouri 65401.

Defendant Lahontan, LLC responded to the complaint by filing a motion to dismiss for insufficient service of process. In support of its motion, defendant Lahontan, LLC filed a memorandum in support and affidavit. Warren E. Dean, the managing member of Lahontan, LLC, states in his affidavit that the company does not do business as Auto Zone Plaza, but rather Auto Zone Plaza is a tenant occupying property the company owns. Defendant argues a manager at Auto Zone Plaza is not an officer or agent of the company, and is not authorized to receive service of process under Rule 4(h)(1)(B) on behalf of Lahontan, LLC.

*Discussion*

Rule 12(b)(5) authorizes a motion to dismiss on grounds of insufficiency of service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint, e.g., the absence of an agency relationship between the recipient of process and the defendant. 5A C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1353 (2d ed.1990). Pursuant to Federal Rule of Civil Procedure 4, when no waiver of service has been obtained or filed, service upon a corporation may be properly

effectuated by one of two ways: (1) by following the procedures prescribed for individuals under Federal Rule of Civil Procedure 4(e)(1); or (2) by "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." See Fed. R. Civ. P. 4(h) .

Here, defendant states it was not properly served because employees and representatives of Auto Zone Plaza, its tenant, are not authorized to received service of process on behalf of Lahontan, LLC. The Court agrees that an Auto Zone Plaza manager is not an officer or agent of Lahontan, LLC. The record in this case shows that defendant has not been properly served with process, and has not voluntarily entered an appearance. Moreover, in this case defendant may not be deemed to waive insufficient service or to be estopped by actual notice of the action. Printed Media Servs. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993) (citing Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982)). As a result, the Court lacks jurisdiction over defendant. Adams v. Alliedsignal Gen. Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (citing Printed Media Servs., 11 F.3d at 843)). Lacking jurisdiction over defendant, the Court in its discretion will dismiss the cause of action. Marshall v. Warwick, 155 F.3d 1027, 1033 (8th Cir. 1998) ("the [district] court has discretion to either dismiss the action, or quash service but retain the case.") (citing Haley v. Simmons, 529 F.2d 78, 78 (8th Cir. 1976)).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lahontan, LLC's motion to dismiss for insufficient service of process is **GRANTED.** [Doc. 29]

**IT IS FURTHER ORDERED** that plaintiff Connie Steelman's pro se motion to receive filings via e-mail is **DENIED** as moot. [Doc. 33]

An appropriate Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of April, 2013.